UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CALVIN MCKELLER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:19-cv-02112-JPH-MJD |
| WARDEN, | ) ) ) |
| Respondent. | ) ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORUPUS**

Petitioner Calvin McKeller was convicted of robbery in an Indiana state court. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising the following two grounds for relief: 1) that his trial counsel provided ineffective assistance of counsel when he failed to object to a faulty accomplice liability jury instruction, and 2) that his admission that he was a habitual offender was not made voluntarily, knowingly, or intelligently. For the following reasons explained below, Mr. McKeller's petition for a writ of habeas corpus is **denied** and a certificate of appealability will not issue.

**I.
Background**

Federal habeas review requires the Court to "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C. § 2254(e)(1). On direct appeal, the Indiana Court of Appeals summarized the relevant facts and procedural history as follows:

> On July 4, 2011, McKeller called Brenai Baxter ("Baxter") and invited her to a barbeque. Baxter had previously met McKeller and his friend, Kevin Perry ("Perry"), at another barbeque about a week prior. Baxter decided to go to the

1

> barbeque and agreed to give McKeller a ride in her car. Baxter and her five-year-old son picked McKeller up. McKeller gave Baxter directions to a house, but not an address. McKeller noticed some sandals in the car and asked Baxter if he could purchase them. Initially Baxter refused, but she eventually agreed. McKeller told Baxter to park in an alley. Baxter did not see anyone else and asked McKeller about others attending the barbeque. McKeller told her that the other attendees parked in front of the house. McKeller exited the car to get the money for the sandals. When McKeller returned, Perry was with him. Perry asked Baxter if he could look at the sandals. Baxter turned around to grab the sandals. When she turned back toward Perry, he was pointing a gun at her, and McKeller was pointing a gun at her son. Perry demanded money from Baxter. She refused, and Perry reached into Baxter's bra and took her money. Perry and McKeller ran away, and Baxter called the police.
>
> On July 7, 2011, the State charged McKeller with robbery and unlawful possession of a firearm by a serious violent felon, both Class B felonies. McKeller was charged jointly with Perry for the robbery. The State also charged McKeller with pointing a firearm as a Class D felony and carrying a handgun without a license as a Class A misdemeanor. A jury trial was held on July 30, 2012. After the presentation of evidence, McKeller tendered an instruction for Class C felony robbery as a lesser-included offense of the Class B felony robbery. The State objected, and the trial court refused to give McKeller's tendered instruction. The trial court did instruct the jury on the theory of accompli[]ce liability. The jury convicted McKeller of robbery, but acquitted him of the other charges.

*McKeller v. State*, 2013 WL 3325153, 990 N.E.2d 68, *1 (Ind. Ct. App. 2013) (*McKeller I*).

The Indiana Court of Appeals affirmed Mr. McKeller's conviction and the Indiana Supreme Court denied his petition to transfer. *Id.*; dkt. 7-2.

Mr. McKeller filed a petition for post-conviction relief, which was denied after an evidentiary hearing. Dkt. 7-10. Mr. McKeller appealed, raising two issues. First, he argued that he had received ineffective assistance from his trial counsel for not objecting to a jury instruction on accomplice liability. Second, he argued that his admission to the habitual offender enhancement was invalid because he was not properly advised. *McKeller v. State*, 2018 WL 4403562, 111 N.E.3d 260 (Ind. Ct. App. 2018) (*McKeller II*). The Indiana Court of Appeals affirmed the post-conviction court and the Indiana Supreme Court denied Mr. McKeller's petition to transfer. *Id.*; dkt. 7-11.

Mr. McKeller filed the instant petition for a writ of habeas corpus on May 28, 2019, raising the same two issues he raised on appeal during state post-conviction proceedings. Dkt. 1. The respondent filed a return to the order to show cause. Dkt. 7. Mr. McKeller did not file a reply and the time to do so has passed.

## II.
## Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") directs how the Court must consider petitions for habeas relief under § 2254. "In considering habeas corpus petitions challenging state court convictions, [the Court's] review is governed (and greatly limited) by AEDPA." *Dassey v. Dittmann*, 877 F.3d 297, 301 (7th Cir. 2017) (en banc) (citation and quotation marks omitted). "The standards in 28 U.S.C. § 2254(d) were designed to prevent federal habeas retrials and to ensure that state-court convictions are given effect to the extent possible under law." *Id.* (citation and quotation marks omitted).

A federal habeas court cannot grant relief on a claim that the state court adjudicated on the merits unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey*, 877

3

F.3d at 302. "Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims, and to give appropriate deference to that decision[.]" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018) (citation and quotation marks omitted). "This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Id.* "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. "The issue is not whether federal judges agree with the state court decision or even whether the state court decision was correct. The issue is whether the decision was unreasonably wrong under an objective standard." *Dassey*, 877 F.3d at 302. "Put another way, [the Court] ask[s] whether the state court decision 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Richter*, 562 U.S. at 103). "The bounds of a reasonable application depend on the nature of the relevant rule. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Schmidt v. Foster*, 911 F.3d 469, 477 (7th Cir. 2018) (en banc) (citation and quotation marks omitted).

4

## III.
## Discussion

Mr. McKeller raises two grounds for relief: 1) his trial counsel provided ineffective assistance of counsel when he failed to object to a faulty accomplice liability jury instruction, and 2) his admission that he was a habitual offender was not made voluntarily, knowingly, or intelligently.

### A. Ineffective Assistance of Counsel

Mr. McKeller argues that he was denied effective assistance of trial counsel when counsel failed to object to an accomplice liability instruction that included the language: "To be guilty, he does not have to personally participate in the crime nor does he have to be present when the crime is committed." Dkt. 1 at 3.

A criminal defendant has a right under the Sixth Amendment to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). For a petitioner to establish that "counsel's assistance was so defective as to require reversal," he must make two showings: (1) that counsel rendered deficient performance that (2) prejudiced the petitioner. *Id.* "This inquiry into a lawyer's performance and its effects turns on the facts of the particular case, which must be viewed as of the time of counsel's conduct." *Laux v. Zatecky*, 890 F.3d 666, 673–74 (7th Cir. 2018) (citation and quotation marks omitted). "As for the performance prong, because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight, *Strickland* directs courts to adopt a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 674 (citation and quotation marks omitted). "The prejudice prong requires the defendant or petitioner to 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Laux*, 890 F.3d at 674 (quoting *Strickland*, 466 U.S. at 694).

The Indiana Court of Appeals correctly stated the *Strickland* standard. *McKeller II*, 111 N.E.3d 260 at *2. It then concluded that had trial counsel objected to the jury instruction, the objection would have been sustained. *Id*. at *3. However, the Indiana Court of Appeals affirmed the post-conviction court's determination that Mr. McKeller was not prejudiced by his counsel's error because the evidence against him—including testimony from the victim that Mr. McKeller participated in the robbery—was strong. *Id*. at *4. This was not an unreasonable application of *Strickland*. Mr. McKeller is not entitled to relief on this ground.

### B. Habitual Offender Admission

Mr. McKeller next argues that his admission that he is a habitual offender was not made voluntarily, knowingly, and intelligently because the trial judge did not advise him that doing so would waive his right to confront and cross-examine witnesses and his privilege against self-incrimination. Dkt. 1 at 3. A court may not accept a "defendant's guilty plea 'without an affirmative showing that it was intelligent and voluntary.'" *Dansberry v. Pfister*, 801 F.3d 863, 864 (7th Cir. 2015) (quoting *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). This means that the record must demonstrate, among other things, that the defendant knowingly waived (1) the privilege against compulsory self-incrimination, (2) the right to a jury trial, and (3) the right to confront his or her accusers. *Boykin*, 395 U.S. at 243.

Mr. McKeller admitted his habitual offender status for sentencing purposes. *See* Ind. Code § 35-50-2-8(a) (West 2012) ("Except as otherwise provided in this section, the state may seek to have a person sentenced as a habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions."). "[T]he status of habitual offender is not a separate offense. It is merely a fact which, when found by a jury, requires the trial court to enhance the sentence for the instant crime by the

statutory term." *Lord v. State*, 531 N.E. 2d 207, 208 (Ind. 1988); *see also Denton v. Duckworth*, 873 F.2d 144, 148 (7th Cir. 1989) ("We agree with the Indiana court that the habitual offender statute . . . does not create a separate offense.").

Although the habitual offender enhancement is not a separate offense, Indiana courts treat an admission to the status as a guilty plea. *McKeller II*, 111 N.E.3d 260 at *4 (citing *Vanzandt v. State*, 730 N.E.2d 721, 726 (Ind. Ct. App. 2000)). But there is no clearly established federal law that habitual offender admissions are guilty pleas to which *Boykin* applies, even if state law treats them as such.

No Supreme Court precedent clearly establishes that Mr. McKeller was constitutionally entitled to a jury trial, with the right to cross examine witnesses and remain silent, on the habitual offender enhancement. The Supreme Court's decision in *Apprendi* suggests that Mr. McKeller has no such right under the Sixth Amendment. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added). So, the post-conviction appellate court's holding that he knowingly waived these rights cannot be "contrary to" or an "unreasonable application of" clearly established federal law under 28 U.S.C. § 2254(d)(1). *See Long v. Pfister*, 874 F.3d 544, 547−50 (7th Cir. 2017) (en banc) (denying habeas relief and declining to review state court's harmless error determination because error found by state court was not violation of "clearly established" federal law under 28 U.S.C. § 2254(d)(1)).

Furthermore, the Indiana Court of Appeals reasonably applied *Boykin* to conclude that Mr. McKeller failed to show he was ignorant of the rights he waived when he admitted to being a habitual offender. "McKeller, who had just received advisements as part of his jury trial before

7

proceeding to the habitual offender phase, did not establish that he was unaware of his *Boykin* rights." *McKeller II*, 111 N.E.3d 260 at *4. For these reasons, Mr. McKeller is not entitled to relief on this ground.

## IV.
## Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because reasonable jurists would all agree that Mr. McKeller's claims are barred by 28 U.S.C. § 2254(d), a certificate of appealability is **denied**.

## V.
## Conclusion

Mr. McKeller's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied** and a certificate of appealability shall not issue.

Final Judgment in accordance with this decision shall issue.

**SO ORDERED.**

Date: 9/14/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CALVIN MCKELLER
989262
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov